UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JAMES D. JEWETT, SR.,

        Defendant.

NO. CR. S-88-025 WBS (RAR)

MEMORANDUM AND ORDER RE: MOTION TO CORRECT ORIGINAL SENTENCE

----oo0oo----

Currently before the court is defendant James Jewett, Sr.'s motion to correct his original sentence, pursuant to Federal Rule of Criminal Procedure 35.  For the foregoing reasons, the court denies defendant's motion.

I.   Factual and Procedural Background

On January 11, 1988, defendant was arrested when officers executing a search warrant found methamphetamine and guns at his residence.  (Def.'s Mot. to Correct Sentence 2.) Defendant was indicted on January 22, 1988 on eight counts of a nine count indictment.  (Id. Attach. B.)  Defendant pled guilty to two counts of the indictment on May 6, 1988.  (Id. at 2.)

1

Those counts were count three, charging defendant with manufacturing methamphetamine between June of 1987 and January 11, 1988, in violation of 21 U.S.C. § 841(a)(10), and count five, charging defendant with the use and possession of firearms in relation to a drug trafficking offense on January 11, 1988, in violation of 18 U.S.C. § 924(c)(1).  (Id. Attach. B at 2-3.)

The Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq.; 28 U.S.C. §§ 997-998, took effect on November 1, 1987, and it considerably changed the process of sentencing by adding "statutory changes and [sentencing] guidelines [that] have significantly altered the scope and nature of judicial discretion."  United States v. Serafini, 233 F.3d 758, 779 (3d Cir. 2000).  Presumably to avoid its application to his sentence, defendant moved to declare the Sentencing Reform Act unconstitutional on March 17, 1988, and his motion was granted on May 16 of that year.[1]  (Def.'s Mot. to Correct Sentence, Attach. A, CR 20, 43.)  Defendant subsequently objected to his original Presentence Investigation Report ("PSR") to ensure that the Sentencing Reform Act would not apply to the calculation of his sentence.  (Id. Attach. C.)  Accordingly, the court sentenced defendant on August 10, 1988 under 18 U.S.C. § 4205(a), and not the Sentencing Reform Act.  (Id. Attach. D: CR 58, 63, 64.)  Defendant received a fifteen year sentence for count three and a five year sentence for count five (to be served consecutively to

---

[1]    Judge Ramirez previously ruled that the Sentencing Reform Act was unconstitutional in an unrelated case.  The Ninth Circuit did not declare the Sentencing Reform Act unconstitutional until August 23, 1988, in Gubiensio-Ortiz v. Kanahele, 857 F.2d 1245, 1268 (9th Cir. 1988).

1   the sentence imposed for count three).  (Id. Attach. E: CR 50.)

2          After the imposition of his sentence, on August 19,

3   1988, defendant filed an appeal of his conviction based on

4   alleged Fourth Amendment violations.  (USA's Opp'n at 3.)

5   Defendant's conviction was affirmed by the Ninth Circuit.  (Id.

6   Ex. 2.)  Defendant next filed a motion on December 8, 1988,

7   seeking modification of his sentence under Rule 35.  (Def.'s Mot.

8   to Correct Sentence, Attach. D at 1.)  In this motion, defendant

9   argued that the Bureau of Prisons calculated his sentence by

10  applying the Sentencing Reform Act guidelines, notwithstanding

11  the court's assurance that the Sentencing Reform Act would not

12  apply to his sentence.  (Id. Attach. D.)  Defendant further

13  contended that the court did not make findings on the relevant

14  factors under the Sentencing Reform Act guidelines that were

15  applied by the Bureau of Prisons.  (Id. at 12.)  Judge Ramirez

16  never ruled on that motion.  (Id., Attach. A.)

17         On November 3, 1989, defendant filed a motion for

18  reconsideration of his sentence under Rule 35.[2]  (Id. Attach. D

19  at 13.)  This motion was almost identical to the previously filed

20  motion, except that defendant additionally argued that because

21  the Sentencing Reform Act was held to be constitutional by the

22  United States Supreme Court in Mistretta v. United States, 488

23  U.S. 361, 412 (1989), a new sentence should be calculated under

24  the Sentencing Reform Act.  (Id.)  Judge Ramirez took that motion

25  _____

26         [2]    Defendant was represented by counsel at the time both
    of these Rule 35 motions were filed.  (See Def.'s Supp. Reply at
27  2 ("Mr. Jewett acknowledges that his lawyer at the time
    apparently did not recognize the change in Rule 35 and did not
28  then request that the Rule 35 motion be considered a 28 U.S.C. §
    2255 petition.").)

off-calendar on November 15, 1989, indicating that he would direct the Probation Office to resolve the issue and then issue an order by November 30, 1989. (<u>Id.</u> Attach. A: CR 64.)   However, no such order was ever issued.  (<u>Id.</u>)

On April 25, 1990, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing that the indictment failed to state a violation of federal law and that the court therefore lacked jurisdiction.  (USA's Opp'n Ex. 3 at 2-3.)  The court denied this motion on July 18, 1990.  (<u>Id.</u>) Defendant then filed a second appeal, which was subsequently dismissed for failure to prosecute.  (<u>Id.</u> Ex. 4.)  He additionally appealed the denial of a petition he filed pursuant to 28 U.S.C. § 2241, relating to a sentence he was serving for a parole violation, and challenging the Parole Commission's rating of the severity of his offense and its calculation of the credit defendant received for time in custody.  (<u>Id.</u> Ex. 5.)  The district court's denial of the defendant's petition was affirmed by the Ninth Circuit.  (<u>Id.</u>)

Defendant now moves for correction of his original sentence to a term under the Sentencing Reform Act under Federal Rule of Criminal Procedure 35, and to vacate his previously imposed sentence.

II.  <u>Discussion</u>

The Sentencing Reform Act of 1984 and its accompanying guidelines are applicable to all offenses committed after November 1, 1987, <u>United States v. Rewald</u>, 835 F.2d 215, 216 (9th Cir. 1987), and also to offenses that "straddled" the effective date, with portions of the offense having been committed before

4

and after November 1, 1987.  United States v. Kohl, 972 F.2d 294,
298 (9th Cir. 1992) ("A defendant who commits overt acts in
furtherance of a conspiracy after the effective date of the
guidelines cannot escape sentencing under the guidelines merely
because the indictment included acts committed prior to November
1, 1987.").

Defendant was convicted of two counts, and the
Sentencing Reform Act is applicable to both.  First, defendant
pled guilty to one count of knowingly manufacturing a detectable
amount of methamphetamine between June 1987 and January 11, 1988.
Thus, this offense "straddled" the date the Sentencing Reform Act
became effective.  Second, defendant pled guilty to possession
and use of firearms in relation to a drug trafficking offense on
January 11, 1988, after the effective date of the Sentencing
Reform Act.  Therefore, both of these counts would ordinarily be
subject to sentencing under the Sentencing Reform Act.[3]

Defendant now seeks to correct this error with a Rule
35 motion to modify his sentence.  The Sentencing Reform Act of
1984, however, substantially foreclosed a defendant's ability to
seek sentence correction through Rule 35.  United States v.

---

[3]     The government suggests that defendant's sentence may
have complied with the Sentencing Reform Act because it included
both a supervised release term and the possibility of parole
supervision may not be an illegal sentence.  To that end, the
government cites cases involving drug crimes in which defendants
were given sentences that included supervised release and the
possibility of parole.  See United States v. Delamora, 451 F.3d
977, 978-79 (9th Cir. 2006) Gozlon-Peretz v. United States, 498
U.S. 395, 402-04, 409 (1991).  Those cases, however, address
whether parole could be imposed along with supervised release for
convictions under the Anti-Drug Abuse Act of 1986--not the
Sentencing Reform Act at issue here.  See Delamora,451 F.3d at
978-979.

Young, 936 F.2d 1050, 1052 (9th Cir. 1991); United States v. Eatinger, 902 F.2d 1383, 1384 (9th Cir. 1990)(holding that the version of Federal Rule of Criminal Procedure 35(b) that was in effect beginning November 1, 1987 "did not give the district court power to grant the relief [the defendant] requested.")[4]

Even if the court were to treat this motion as one brought under 28 U.S.C. § 2255, such a motion would be procedurally barred.  Defendant has previously brought a motion under this provision.  Thus, to bring a second or successive motion, defendant must first receive certification from the Court of Appeals that he meets the relevant criteria before this court can consider the motion.  28 U.S.C. § 2255; see also Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("The district court correctly recognized that Cooper's petition was 'second or successive' under Section 2244(b).  Once it did so, however, it lacked jurisdiction to consider the merits of his petition.").  Because defendant has not obtained certification to file a successive motion under § 2255, this court would lack jurisdiction over this motion even if it were construed as a § 2255 petition.

Recognizing this procedural hurdle, defendant argues that the Rule 35 motions brought in December 1988 and November

_____

[4]     The Ninth Circuit opened an alternative avenue for relief by allowing district courts to "treat a Rule 35 motion as one brought under 28 U.S.C. § 2255."  United States v. Johnson, 988 F.2d 941, 943 (9th Cir. 1993) (citations omitted).  However, this avenue has only been opened for pro se inmates, based on the principle that "[t]he pleadings of a pro se inmate are to be liberally construed."  Eatinger, 902 F.2d at 1384; see also Young, 936 F.2d at 1052.  Defendant is not pro se, so the court is not permitted to liberally construe his pleadings and treat his motion as one brought under § 2255.

1  1989, which were never decided by the court, should have been

2  converted into a § 2255 petition that would have predated his

3  actual § 2255 petition.[5]  Defendant additionally notes that the

4  procedural bar of successive § 2255 petitions came into effect on

5  April 24, 1996, the effective date of the Antiterrorism and

6  Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244, and

7  therefore does not apply to motions brought in 1988 and 1989.

8  Accordingly, defendant invites the court to resurrect the

9  previous Rule 35 motions and to convert them nunc pro tunc into

10 section 2255 petitions which would not be barred by the

11 procedural proscriptions of the AEDPA.

12        The court has been unable to find authority permitting

13 it to engage in the procedural gymnastics proposed by defendant.

14 By defendant's logic, he would be able to circumvent the AEDPA's

15 stringent limitations on successive petitions because his Rule 35

16 motions were filed before the passage of the AEDPA.  However, the

17 AEDPA's restrictions have been applied retroactively.  Even

18 prisoners who filed a § 2255 petition prior to the AEDPA's

19 passage, when they could not have known that the petition would

20 be their one unfettered shot at relief, are precluded from filing

21 a second petition without permission from the court of appeals.

22 See, e.g., Calderon v. Thompson, 523 U.S. 538, 544-45, 554 (1998)

23 (finding that although petitioner's first habeas petition was

24

25        [5]    The Rule 35 motions were filed after the effective date
26 of the new Rule 35, as previously discussed, so they were the
   wrong vehicles with which to seek relief at the time they were
27 filed.  Additionally, defendant was represented by counsel at the
   time the Rule 35 motions were filed, which means that the
28 authority defendant cites does not permit the court to liberally
   construe the 1988 and 1989 Rule 35 motions as § 2255 petitions.

filed in 1990, his 1997 motion to recall the mandate, if characterized as an application for a successive petition, would require prior approval from the appellate court); Villafuerte v. Stewart, 142 F.3d 1124, 1125 (9th Cir. 1998) (denying petitioner leave to file a successive petition under § 2244(b) where original petition was filed before passage of the AEDPA).

Moreover, the Ninth Circuit has made it clear that, in heeding the AEDPA's restrictions, "a court is to apply the law in effect at the time it renders its decision." United States v. Villa-Gonzalez, 208 F.3d 1160, 1163-64 (9th Cir. 2000).  The law currently in effect indicates that unless and until defendant receives permission from the Ninth Circuit to file a successive habeas petition, this court cannot consider defendant's further arguments for relief.  Thus, the court cannot grant defendant's motion to correct his sentence because it is procedurally barred.

The government and defendant agree, however, that defendant's term of supervised release should not have started until after his sentence was complete, see Gozlon-Pertz v. United States, 498 U.S. 395, 401 (1991) (noting that "[s]upervised release is a unique method of postconfinement supervision" (emphasis added)), and that defendant's parole is not yet complete.  (USA's Supp. Briefing 4; Def.'s Reply to Govt.'s Supp. Briefing 3.)  Therefore, the outstanding petition charging defendant with violation of his supervised release should be dismissed.

IT IS THEREFORE ORDERED that defendant's motion to correct his original sentence be, and the same hereby is, DENIED; ///

1            AND IT IS FURTHER ORDERED that the Probation Officer's

2   petition of December 21, 2005, charging defendant with violation

3   of the terms of his supervised release be, and the same hereby

4   is, DISMISSED.

5   DATED:  August 29, 2006

6

7

8                          WILLIAM B. SHUBB
                           UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28